CASE 25—INDICTMENT—OCTOBER 15.

## Commonwealth v. Adams.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

INDICTMENT—POWER OF COURT TO CHANGE CHARGE.—The trial court has no power, even with the consent of the accused, to change the charge in an indictment, although the facts stated constitute a different offense from that charged by the grand jury.

W. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLANT.

The court had no right to change the offense charged in the indictment. If the descriptive part of the indictment did not contain a statement of facts sufficient to constitute the crime charged, then the court should have sustained the demurrer to the indictment.

W. J. CRUSE FOR APPELLEE.

If an indictment charges a public offense within the jurisdiction of the court a demurrer should be overruled, and where the facts stated show that the defendant is guilty of an offense of lower degree than that charged the court may put him on trial for the lesser offense. (Commonwealth v. Maynard, 12 Ky. Law Rep., 710; Lee v. Commonwealth, 12 Ky. Law Rep., 872; Johnson v. Commonwealth, 12 Ky. Law Rep., 835; Swan v. Commonwealth, 5 Ky. Law Rep., 238.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The charge in the indictment, as returned by the grand jury, was forgery. In considering the defendant's de-

Commonwealth v. Adams.

murrer to it the court expressed a doubt as to its suffi-
ciency to support a conviction for that offense, but was
of the opinion that the facts stated were sufficient to
constitute the offense of obtaining goods under false pre-
tenses.   Thereupon, the defendant consented that the
charge in the indictment might be changed from forgery
to obtaining goods under false pretenses, and it was done
by direction of the court.   It is claimed that this was
done without the defendant's consent, his attorney merely
agreeing to it without consulting him.   The order of
court shows otherwise, however, and as this record stands
it must be accepted as true.   The prosecuting attorney
objected to the change, and after it was made moved to
refer the case to the grand jury, but this was refused.

The State, by this appeal, asks that the action of the
court be reviewed.   The sole question is whether the
court had a right to make the change.   The offenses of
forgery and obtaining goods under false pretenses are
distinct.   Both existed at the common law, and if the
court could make the change then it had the power to
say that the accused, if he consented, could be tried upon
a charge different from that found by the grand jury.
Such a practice, were it lawful, would certainly not be a
desirable one.   The law creates courts and defines their
powers.   Consent can not authorize a judge to do what
the law has not given him the power to do.   The act of
the court in this instance was not a mere irregular exer-
cise of a power.   If so, consent would have cured it; but
it was an act beyond its power.

It is the sole province of the grand jury, under our
law, to find an indictment.   It, and not the court, must
say upon what charge the party shall be arraigned.   The

grand jury had not accused the defendant of obtaining
goods under false pretenses but with the crime of forgery,
and the judge had no power to assume its duties and
alter the charge as fixed by it.    There is a total want of
power to thus act.    Such a power is unknown to the law,
and the act not in conformity to the law of the land..
If the judge could, with the consent of the defendant,
thus alter this charge there is no reason why a judge may
not, in any case, usurp the functions of the grand jury
and change the nature of any offense, as fixed by its.
presentment, provided the party accused consents to the
alteration.    Such a practice would be contrary to good
policy.    While we point with pride to the fact that the
judiciary of this State has been singularly free from cor-
ruption, and the conduct of the distinguished judge
whose action is in question has given additional luster to
this reputation, yet, to virtually divest the grand jury of
the right to say for what a man shall be tried, and strip
it of a power, which, in our State, it has always pos-
sessed, and vest it in one man, would, in our opinion, be
highly dangerous to the public interests and is unques-
tionably in violation of law.

This opinion is ordered to be certified to the lower
court as the law of the case.