(No. 33833.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL BRADLEY, Plaintiff in Error.

*Opinion filed January 19, 1956.*

C. E. TATE, of Champaign, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN J. BREESE, State's Attorney, of Champaign, (JOHN L. DAVIDSON, JR., FRED G. LEACH, and EDWIN A. STRU-GALA, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The single issue in this case is the validity of an amendment to the Criminal Code which authorizes the prosecution of felonies by information if the defendant waives his right to be prosecuted by indictment. As amended in 1955, section 3 of division X provides: "All offenses cognizable in the said courts shall be prosecuted by indictment or, except for the crimes of treason, murder or manslaughter, by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment. The prosecution of a felony under an information shall be conducted in accordance with the statutory requirements of proceedings under an indictment." (Ill. Rev. Stat. 1955, chap. 38, par. 702.) Prior to the amendment the statute required that all felonies should be prosecuted by indictment. Ill. Rev. Stat. 1953, chap. 38, par. 702.

The defendant, Paul Bradley, was charged before a justice of the peace with the crime of assault with intent to commit armed robbery. On August 23, 1955, he appeared with his counsel before the circuit court of Champaign County. After he was fully advised by the court of his right to have the grand jury act on the matter before he could be prosecuted, he filed his written waiver of prosecution by indictment and his consent to a proceeding by information. An information filed the same day charged him with assault with intent to commit robbery. He pleaded guilty, and the plea was accepted when he persisted in it after he was advised of his right to a trial by jury and of the possible consequences of his plea. By motion in arrest of judgment he challenged the constitutionality of the amended statute. The motion was denied and he was sentenced to imprisonment in the penitentiary for a term of one to four years.

Upon this writ of error defendant contends that the amended statute violates section 8 of article II of the constitution of Illinois and the fourteenth amendment to the constitution of the United States. Section 8 of article II of our constitution is as follows: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army and navy, or in the militia, when in actual service in time of war or public danger: *Provided,* that the grand jury may be abolished by law in all cases."

Considering first the attack based upon the constitution of Illinois, it is important to note that no question arises under the proviso of section 8 of article II. The grand jury is not abolished in any case. Every accused person still enjoys an absolute right to be prosecuted by indictment. Only if he knowingly waives that right can he be prosecuted by information.

The question, then, is whether the constitutional requirement of an indictment by a grand jury in a prosecution for a felony bars a statute which permits a prosecution upon information if the accused so elects. This question has not previously been before the court. We have held, however, in accordance with the weight of authority elsewhere, that the right of trial by jury in criminal cases is a personal right which may be waived, (*People ex rel. Swanson* v. *Fisher,* 340 Ill. 250; *People* v. *Spegal,* 5 Ill. 2d 211; cf. *Patton* v. *United States,* 281 U.S. 376,) even though section 5 of article II of the constitution provides that the right of trial by jury "shall remain inviolate." Because of the close kinship between the problems involved in the waiver of trial by jury and those involved in the waiver of indictment by a grand jury, we turn at once to a consideration of the case which is chiefly relied upon to establish the invalidity of the statute.

In *People ex rel. Battista* v. *Christian,* 249 N.Y. 314, 318-319, 164 N.E. 111, the Court of Appeals held void a statute which authorized an information in a criminal case when the constitution required an indictment by a grand jury, upon the ground that a "public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience. * * * Until the grand jury shall act, no court can acquire jurisdiction to try. In the most solemn and absolute language, the Constitution dictates the only method by which one can be held to answer for murder, burglary, arson or any other infamous crime. Without the prescribed action by grand jury, all our other tribunals are powerless to proceed. Such action is the foundation of jurisdiction." In the *Battista case,* the court relied largely upon *Cancemi* v. *People,* 18 N.Y. 128, which had held that the constitutional require-

ment of a trial by jury was jurisdictional and so could not be waived. But in *Patton* v. *United States,* 281 U.S. 276, where the *Cancemi case* was relied upon as decisive, the United States Supreme Court held that the right to trial by jury "is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election. To deny his power to do so, is to convert a privilege into an imperative requirement." Our own decisions have reached the same result.

The *Battista case* speaks of "public injury" which would result from permitting waiver of indictment. But it is hard to see how the public can be injured by allowing an individual to state that he neither needs nor desires the protection of formal action by the grand jury in a particular proceeding. In any event it is clear that our constitutional provision was not intended to establish an immutable public policy. For the proviso in section 8 of article II, which permits the legislature to abolish the grand jury in all cases, shows that whatever policy considerations are involved were committed to the legislature. The same proviso negatives the argument that an indictment by a grand jury is essential to the jurisdiction of the court to try a criminal case. These appear to be the only grounds upon which it has ever been asserted that the constitutional right to indictment by a grand jury, unlike other constitutional protections afforded a person accused of crime, cannot be waived.

We hold, therefore, that the statute in question does not violate section 8 of article II of the constitution. This holding is consistent with the decisions in the majority of the cases which have considered the problem. *Edwards* v. *State,* 45 N.J.L. 419; *DeGolyer* v. *Commonwealth,* 314 Mass. 626, 51 N.E. 2d 251; *Lavery* v. *Commonwealth,* 101 Pa. 560, *Commonwealth ex rel. Stanton* v. *Francies,* 250 Pa. 496, 95 Atl. 527; *Heath* v. *State,* 198 Md. 455, 85 A. 2d 43.

The contention that the statute violates Federal consti-

tutional guaranties is without merit. Due process of law under the fourteenth amendment does not require an indictment by a grand jury in a State prosecution. (*Hurtado* v. *California,* 110 U.S. 516; *Frank* v. *Mangum,* 237 U.S. 309.) Indeed, many States by constitution and statute provide other modes of procedure. (1 Cooley, Constitutional Limitations, 8th ed., 1927, pp. 637-8.) Rule 7 of the Federal Rules of Criminal Procedure (18 U.S.C.A. Rule 7, (a), (b)) authorizes prosecutions upon information in noncapital felonies if the accused waives an indictment by a grand jury. It has been held that this rule does not violate the provision of the fifth amendment that no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury. *Barkman* v. *Sanford,* 162 F.2d (C.A.5) 592, *certiorari* denied, 332 U.S. 816.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*