RALPH TUTTLE, PETR. FOR WRIT OF ERROR
*vs.*
STATE OF MAINE

Knox. Opinion, May 4, 1962.

*Berman, Berman, Wernick & Flaherty,*
*by Sidney W. Wernick, for plaintiff.*

*Frank E. Hancock, Atty. Gen.,*
*Richard E. Foley, Asst. Atty. Gen., for State.*

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J. A writ of error is submitted to this court upon report. R. S. (1954), c. 103, § 15, P. L., 1961, c. 317, §§ 321, 322; R. S., c. 129, §§ 11, 12.

Plaintiff in error had been bound over by the Municipal Court upon a complaint charging a felony. He thereupon petitioned a Justice of the Superior Court for prompt arraignment by information instead of indictment. His request was granted and, in painstaking compliance with the provisions of R. S., c. 147, § 33 as last amended by P. L., 1959, c. 209, the Superior Court Justice permitted plaintiff's waiver of indictment, accepted the latter's plea of guilty to an information and sentenced him to prison. Plaintiff has obtained this writ of error upon the contention that R. S., c. 147, § 33, as amended, is invalid in that it violates Article I, Section 7 of the Constitution of Maine and the 14th Amendment to the Constitution of the United States.

> "No person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury, except in cases of impeachment, or in such cases or offences, as are usually cognizable by a justice of the peace, or in cases arising in the army or navy, or in the militia when in actual service in time of war or public danger. The legislature shall provide by law a suitable and

impartial mode of selecting juries, and their usual number and unanimity, in indictments and convictions, shall be held indispensable."

Constitution of Maine, Article I, Section 7.

In the instant case the crime for which the plaintiff is committed is "infamous." R. S., c. 133, § 11,.P. L., 1961, c. 40; c. 145, § 1; *Butler* v. *Wentworth*, 84 Me. 25, 33.

" - - - - No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

14th Amendment, United States Constitution.

The burden is upon the plaintiff in error who assails the constitutionality of R. S., c. 147, § 33, as amended, to demonstrate that the act offends constitutional guaranties, to justify this court in pronouncing such statute invalid.

"In passing upon the constitutionality of any act of the Legislature the court assumes that the Legislature acted with knowledge of constitutional restrictions, and that the Legislature honestly believed that it was acting within its rights, duties and powers. All acts of the Legislature are presumed to be constitutional and this is 'a presumption of great strength.' State v. Pooler, 105 Me. 224, 228; Laughlin v. City of Portland, 111 Me. 486; Village Corporation v. Libby, 126 Me. 537, 549. The burden is upon him who claims that the act is unconstitutional to show its unconstitutionality. Warren v. Norwood, 138 Me. 180. - - - -

- - - - The Legislature of Maine may enact any law of any character or on any subject, unless it is prohibited either in express terms or by necessary implication, by the Constitution of the United States or the Constitution of this State. - - - -"

*Baxter* v. *Waterville Sewerage District*, 146 Me. 211, 214, 215.

See also, *State* v. *Webber*, 125 Me. 319, 321.
There is, too, the rule:

> " - - - - the traditional canon of construction which calls for the strict interpretation of criminal statutes and rules in favor of defendants where substantial rights are involved."
> *Smith* v. *U. S.*, 360 U. S. 1, 9.

See, also, *Smith* v. *State*, 145 Me. 313, 326.

R. S., c. 147, § 33, as amended, the waiver of indictment statute, affords an optional and voluntary procedure to a respondent and not an adversary process or one *in invitum*. A person bound over for an alleged felony not punishable by life imprisonment must be notified by the lower court magistrate of the provisions of this statute and if the accused decides of his own free will to avail himself of a prompt arraignment, he may affirmatively and in writing petition the Clerk of the Superior Court to be arraigned on information forthwith or at the earliest opportunity. In open court a Superior Court Justice is obligated to advise the accused of the nature of the offense with which the latter is charged and of the latter's rights to grand jury consideration, presentment or indictment, to jury trial, to counsel, to confrontation, witnesses, to a privilege against self incrimination, etc. Only then in open court and upon the record may the accused waive an indictment and only then may the prosecutor proceed against him by a signed and sworn information containing a plain, concise and definite written statement of the essential facts constituting the offense charged. The Superior Court Justice thus acquires jurisdiction as if upon indictment to file the case with or without plea or to entertain a nol pros. But the accused may plead not guilty, guilty or *nolo contendere*. Only after either of the latter two pleas may the justice sentence. A not guilty plea necessitates a continuation of the matter for later trial.

It is difficult to conceive how the Legislature could have expressed a more meticulous consultation of the rights of liberty inhering in man and a more appreciative recognition of and deference to, their dignity and validity than it has set forth in the waiver of indictment act. By that statute a criminal respondent is deprived of no right. He may appropriate or reject the alternatives afforded. If he accedes to them he is accorded a further and deferred opportunity midway in the arraignment for reconsideration and retrieval. He may yet plead not guilty and exact his jury trial, thus surrendering only his right to Grand Jury consideration. The oath bound justice must conscientiously sustain and execute the responsibility of enlightening the accused and of safeguarding the free as well as intelligent action of the respondent. The statute is calculated to procure desirable effects for the State in less expensive and briefer, albeit fair and just, criminal process. But the act notably secures for an accused with consciousness of guilt—and often times and more creditably remorse—a dependable method of accelerating his condign punishment without the otherwise unavoidable delay, languishment and misery of awaiting in jail or on bail Grand Jury consideration and court scheduling. The Legislature, however, could never have harbored any purpose to supply short shrift for impecunious or resigned criminals by the statute but was at full pains to guarantee to each waiving respondent attentive and plenary justice.

R. S., c. 147, § 1, P. L., 1959, c. 342, § 19 is as follows:

"No person shall be held to answer in any court for an alleged offense, unless on an indictment found by a grand jury, except for contempt of court and in the following cases:

"I. When prosecutions by information are expressly authorized by statute.

"II. In proceedings before municipal courts, municipal courts acting as juvenile courts, trial justices and courts martial."

The plaintiff in error argues that grand jury presentment or indictment is an indispensable preliminary and condition requisite to the jurisdiction of the Superior Court for the arraignment, trial, condemnation or punishment of one accused of an infamous crime and that such grand jury consideration is a fundamental public right and not a personal privilege to be waived by a respondent. Plaintiff maintains that the language of the first sentence of Article I, Section 7, of the Maine Constitution is absolute, peremptory and inevitable even against all demonstrable advantages to the accused to elude or eschew it. Plaintiff contends that R. S., c. 147, § 33, as amended, is invalid, too, because it violates the 14th Amendment to the United States Constitution to the extent that such 14th Amendment incorporates the grand jury requirement of the 5th Amendment to the United States Constitution.

There can be no doubt that Article I, Section 7, of the Maine Constitution was meant to be adamant in making indispensable grand jury consideration as a *sine qua non* to prosecution for an infamous crime as such prosecution might be instigated and furthered by the aggressive sovereign State. Historical abuses and outrages had rendered righteously sensitive the inspired framers of our organic law. But as those drafters and statesmen recited in the paragraphs of Article I of the Constitution of Maine the precious Declaration of Rights it would be unreal to conclude that those Constitutional framers did not assume or foresee that many of those fundamental rights so catalogued could and would be on occasion waived by the individuals in whom they inhered under propitious circumstances safeguarding the State and the individual.

This court has sanctioned several such waivers. A respondent fully aware of his right to the assistance of counsel and of the propriety of requesting the court for it may waive such right. *Pike* v. *State*, 152 Me. 78, 82. The privilege against self incrimination has been adjudged personal and may be waived. *Gendron* v. *Burnham*, 146 Me. 387, 404. The right to a speedy trial may be waived by a respondent. It is a personal privilege and must be claimed. *State* v. *Boynton*, 143 Me. 313, 323. An accused may waive his right to trial by a plea of guilty to an indictment and the court may accept such a plea. *Jenness* v. *State*, 144 Me. 40, 45. This last waiver relinquishes by inclusion the privilege of being confronted by the witnesses against the accused and the right to have compulsory process for obtaining witnesses in his favor. The right to trial would seem to be quite as grave in its consequences as a right to presentment or indictment by a grand jury who can decide only as to probable cause. The protection against double jeopardy may be waived. *State* v. *Verrill*, 54 Me. 581, 583.

It cannot be doubted that a person may waive the right to compensation for his private property taken for public uses.

R. S., c. 147, § 33, as amended, was adapted from Federal Rules of Criminal Procedure, Rule 7, Page 53, Vol. 4, Federal Practice and Procedure, Rules Edition, Barron.

> "(c) - - - the rule - - - was approved and projected by the (U. S.) Supreme Court under purported authorization by Congress;

> "(d) - - - Congress reserved the power to veto the rule but failed to do so, thereby according to it the sanctity of legislative acquiescence and rendering it appropriate that we consider it as a legislative enactment of the usual pattern, carrying with it the shield of presumptive validity.

> "The fact that the rule was approved and proposed by the (U. S.) Supreme Court, also supplies it with an armor of great, but not complete, invinci-

bility. The fact that a rule was promulgated by the (U. S.) Supreme Court does not raise it above the Constitution, nevertheless, the source of the rule is such as to suggest strongly that all who enter into its forum of controversy should tread lightly even though we consider it merely as a congressional enactment - - -"

*Barkman* v. *Sanford* (1947), 162 Fed. (2nd) 592, certiorari denied, 332 U. S. 816.

The United States Supreme Court in *Smith* v. *United States* (1959), 360 U. S. 1, 6, 9, commented as follows:

" - - - The Fifth Amendment provides in part that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury', except in cases not pertinent here. But the command of the Amendment may be waived under certain circumstances, (Barkman v. Sanford, 162 F. 2d 592; United States v. Gill, 55 F. 2d 399) and the Federal Rules of Criminal Procedure, Rule 7 (a), provide as follows:

'An offense which *may* be punished by death *shall be* prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court' (emphasis added)."

" - - - The use of indictments in all cases warranting serious punishment was the rule at common law. *Ex parte Wilson, 114 U. S. 417; Mackin v. United States, 117 U. S. 348.* The Fifth Amendment made the rule mandatory in federal prosecutions in recognition of the fact that the intervention of a grand jury was a substantial safeguard against oppressive and arbitrary proceedings. *Ex parte Bain, 121 U. S. 1; Hale v. Henkel, 201 U. S. 43; Toth v. Quarles, 350 U. S. 11, 16.*

> Rule 7 (a) recognizes that this safeguard may be waived; but only in those proceedings which are noncapital - - - -"

In *Frank* v. *Mangum* (1915), 237 U. S. 309, 340, the Supreme Court of the United States observed:

> " - - - But repeated decisions of this court have put it beyond the range of further debate that the 'due process' clause of the Fourteenth Amendment has not the effect of imposing upon the States any particular form or mode of procedure, so long as the essential rights of notice and a hearing, or opportunity to be heard, before a competent tribunal are not interfered with. Indictment by grand jury is not essential to due process.
>
> (Hurtado v. California, 110 U. S. 516, 532, 538; Lem Woon v. Oregon, 229 U. S. 586, 589 and cases cited.) - - - -"

In *United States* v. *Gill* (1931), 55 F. (2nd) 399, 403 (Dist. Ct., New Mexico), it was said:

> "It would seem that - - the provision of the Fifth Amendment requiring an indictment in capital or other infamous cases creates a personal privilege which the defendant may waive."

In *Martin* v. *U. S.* (1948), 4th Cir. 168 F. (2nd) 1003 (certiorari denied, 335 U. S. 872), the court *per curiam* held that an application to vacate a judgment and sentence and issue a writ of habeas corpus had been properly denied to the respondent who had been accused of violation of the motor vehicle theft act and had waived indictment and pleaded guilty on an information.

In *Barkman* v. *Sanford, supra,* 162 F (2nd) 592, C. C. A., 5th Ct. (certiorari denied, 332 U. S. 816), the court held in effect that the provision for an indictment is not jurisdictional but a personal right which may be waived by a respondent as may the other 4 rights guaranteed by the Fifth Amendment.

In *Smith* v. *U. S.* (1956), 238 F. (2nd) 925, 929, the court decided:

> "Under the authority so conferred, (Rule 7a, U. S. Congress), when the district attorney elected to proceed by information with the defendant's consent thereto, the filing of the information conferred jurisdiction upon the court to hear and determine the offense charged in it and to impose upon the defendant any punishment except death. - - - -"

The Constitution of the State of New Jersey, Par. 9 read, "No person shall be held to answer for a criminal offense unless on the presentment or indictment of a grand jury - - - -" The New Jersey court ruled:

> " - - - and exemption from prosecution without a presentment or indictment is essentially a personal right of the same nature and quality as exemption from trial and conviction except upon the verdict of a jury. Both these provisions were designed for the security of the personal rights of the individual by exempting him, as a person, from conviction upon a criminal accusation otherwise than is declared in the constitution, - - - - Both provisions are provisions made for the benefit of the accused, and both are subject to that fundamental rule of law that a person may renounce a provision made for his benefit, and to that maxim *quilibet potest renunciare juri pro se introducto,* which applies as well to constitutional law as to any other. Baker v. Braman, 6 Hill 47; United States v. Rathbone, 2 Paine 578."
> *Edwards* v. *State* (1883), 45 N. J. L. 419, 423, 426.

The Massachusetts Constitution does not contain the same phraseology as that of the first sentence of Article I, Section 7 of the Maine Constitution. But Massachusetts decided cases expounding the 12th article of the Massachusetts constitutional Bill of Rights had affirmed the general rule that no person shall be held to answer for a felony unless upon indictment. The Legislature of Massachusetts enacted

a waiver of indictment statute basically comparable with R. S., c. 147, § 33, as amended. A petitioner who had waived indictments, had pleaded guilty and had become sentenced sought a writ of error to reverse the judgments imposed. The case was reported to the Supreme Court of Massachusetts which in denying relief held:

> "We are of opinion that the provisions of art. 12 of our Bill of Rights, which have been held to mean that a presentment by the grand jury is required where a person is accused of a felony, like the provisions for a jury trial, were intended to secure a benefit to the individual for his protection and security, and that the privilege therein asserted may be waived. - - - We find nothing in that document that declares or manifests an intention to deprive the individual of power to refuse to assert his constitutional right to a presentment by the grand jury."
>
> *DeGolyer* v. *Commonwealth* (1943), 314 Mass. 626, 632.

Plaintiff in error has advocated the theory that the juxtaposition of the second with the first sentence of Article I, Section 7 manifests an intention of the drafters of our Constitution to tabulate the right to grand jury presentment or indictment for infamous crime as a jurisdictional necessity and thus distinguishes such right from others of a personal nature and accordingly susceptible of waiver. We have been unable to accept that view.

In view of the prevailing resort to post conviction remedial process for sharp scrutiny of criminal judgments we consider it appropriate to add that we have observed the record in the case at bar with special attention. We take occasion to state that the presiding justice who attended upon the grave rights of the petitioner in the Superior Court was most thorough in his administration. No more fair

and exhaustive concern for a respondent has come to our notice.

> *R. S., c. 147, § 33, as amended, is constitutional.*
>
> *The mandate must be therefore:*
>
> *Writ of Error dismissed.*