**Gilbert Dewayne MALONE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 99–SC–722–T to 99–SC–724–T.**

Supreme Court of Kentucky.

Oct. 26, 2000.

Irvin Halbleib, Jr., Louisville, for Appellant.

A.B. Chandler III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

GRAVES, Justice.

## I. FACTS

Based on a plea of guilty, Appellant, Gilbert Dewayne Malone, was convicted of three felonies in the Jefferson Circuit Court. Malone appealed the convictions on the ground that he was prosecuted by information rather than by indictment. On its own motion, the Court of Appeals requested transfer of the matter to this Court. The only issue before us is whether a circuit court has authority to adjudicate felony charges if the defendant waives his right to be prosecuted by indictment. That is, whether the constitutional requirement of an indictment by a grand

jury in a prosecution for a felony preempts a court rule which permits a prosecution upon information if the accused so elects.

## II. KENTUCKY CONSTITUTION

The preamble to the Kentucky Constitution states the reasons for and purposes of the document. Our Kentucky preamble is brief and simple:

> We, the people of the Commonwealth of Kentucky, grateful to Almighty God for the civil, political and religious liberties we enjoy, and invoking the continuance of these blessings, do ordain and establish this Constitution.

The bill of rights is contained in Sections 1 through 26 of Kentucky's Constitution. The guarantees of the Kentucky Bill of Rights are derived from the centuries-old struggle of Englishmen to gain personal freedom. The purpose of a bill of rights is to protect individuals from the arbitrary actions of government decision-makers. Among the rights specifically protected in Kentucky's Constitution is not only the right to have a grand jury indictment as a prerequisite to a felony prosecution, but also the right to a jury trial.

Section 12 of the Kentucky Constitution serves as a check on arbitrary government prosecution by providing that:

> No person, for an indictable offense, shall be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger, or by leave of court for oppression or misdemeanor in office.

## III. THE GRAND JURY

A review of typical Kentucky grand jury procedure is helpful. The prosecutor initiates a grand jury investigation upon evidence of wrongdoing, no matter how slight. The grand jury subsequently must assess whether probable cause exists to believe that a crime has been committed. The prosecutor assists the grand jury investigation and in determining which witnesses the grand jury will subpoena, selecting the documents or evidence presented and criminal charges pursued, as well as explaining the law and instructing the grand jury on burden of proof. The grand jury is unable to conduct independent investigations inside the grand jury room. If sufficient evidence of commission of a crime is found, a grand jury may return an indictment but is not constitutionally required to do so. If no indictment is returned, constituting a "no true bill," the prosecutor may resubmit the case to another grand jury. Double jeopardy or collateral estoppel defenses do not apply to multiple grand jury proceedings. Grand jury proceedings are conducted in secret, with only the jurors, prosecutor, witnesses, stenographer, recording device operator or interpreter present.

The indictment is the formal written accusation of a crime, made by a grand jury, and presented to the court for prosecution against the accused person. An indictment issued by a grand jury is merely a charge of commission of a crime and is not any evidence of guilt. Before an individual may be convicted, the charge must be proved beyond a reasonable doubt. The purpose for an indictment is merely to inform an accused individual of the essential facts of the charge against him so he will be able to prepare a defense.

The Waiver of Grand Jury Indictment which Malone signed reads, in part, as follows:

> I understand that by agreeing to the filing of an information in the Circuit Court I am waiving and giving up my right to have the case presented to the Jefferson County Grand Jury and my right to have any felony charges against me in Jefferson County by indictment only. I understand that the Commonwealth may not proceed against me by information without this waiver. After consultation with my attorney I elect to give up my Kentucky constitutional right [Section 12 of the Kentucky Con-

stitution] to have these charges initiated by the indictment and hereby give the written notice to the circuit court of my intention to allow this prosecution by information as provided in RCr 6.02.

## IV. CIRCUIT COURT JURISDICTION

Jurisdiction is a court's power to decide a case. As a prerequisite for presiding over the case, a court must have jurisdiction of the subject matter of an offense and of the person of the defendant. That is, two jurisdictional requirements must be satisfied before a court has authority to hear and determine a particular cause of action. Kentucky Constitution Sec. 112(5) and KRS 23A.010(1) gives the circuit court jurisdiction of felony offenses.

A criminal prosecution requires the existence of an accusation charging the commission of an offense. Such an accusation either in the form of an indictment or an information, is an essential requisite of jurisdiction. In Kentucky, subject matter jurisdiction over a felony offense may be invoked either by a grand jury indictment or by information in cases where the individual consents. Information is an agreement between the state and the individual to proceed without the formalities of a grand jury indictment.

## V. NOTICE OF ACCUSATION OF A CRIME

Substantive due process requires that a defendant be informed of the acts alleged as criminal and the crime with which he is charged. The right to waive a particular form, mode, or kind of accusation in a particular instance is an individual right of the accused. It is a personal privilege that may be waived. Every accused person still enjoys an absolute procedural due process right to be prosecuted by indictment. However, he can be prosecuted by information if he knowingly waives that right.

The purpose of proceeding by information rather than by indictment is to expedite matters for the benefit of alleged offenders who desire such expedition. Although it is designed primarily for the benefit of persons who have no defense, and who wish to plead guilty and begin service of their sentence without awaiting indictment by a grand jury, it is not confined to such persons, and an individual may waive indictment though he or she intends to plead not guilty. The rules governing prosecution by information are identical to those relating to prosecution by indictment.

## VI. KENTUCKY RULES OF CRIMINAL PROCEDURE

RCr 6.02 of the 1981 amendments to the Kentucky Rules of Criminal Procedure enable the defendant to waive indictment and consent instead to be proceeded against by information. The provision that no person shall be proceeded against by information for an indictable offense is part of the Bill of Rights and not mentioned in the judicial article. It is reasonably clear that this provision is not jurisdictional, rather it is for the protection of the accused and hence subject to waiver.

## VII. USE OF INFORMATIONS IN OTHER JURISDICTIONS

Federal courts have held that a similar provision in the Fifth Amendment is a personal right which may be waived. *Barkman v. Sanford*, 162 F.2d 592 (5th Cir.1947), *cert. denied*, 332 U.S. 816, 68 S.Ct. 155, 92 L.Ed. 393 (1947); *United States v. Gill*, 55 F.2d 399 (D.N.M.1931). The constitutionality of the waiver provision is thoroughly settled. This is quite analogous to other situations in which a defendant is allowed to waive procedural protections provided for his or her benefit. *Boyes v. United States*, 298 F.2d 828 (8th Cir.1962), *cert. denied*, 370 U.S. 948, 82 S.Ct. 1595, 8 L.Ed.2d 814 (1962); *Barkman v. Sanford*, 162 F.2d 592 (5th Cir. 1947), *cert. denied*, 332 U.S. 816, 68 S.Ct.

155, 92 L.Ed. 393 (1947); *Rawls v. United States,* 162 F.2d 798 (10 Cir.1947), *cert. denied,* 332 U.S. 781, 68 S.Ct. 47, 92 L.Ed. 364 (1947). *Martin v. United States,* 168 F.2d 1003 (4th Cir.1948).

Provisions to the effect that no person shall be held or required to answer, or held for or put upon trial, for a criminal offense, or for a specified kind or grade of offense, except by or upon indictment have been construed, in most jurisdictions as not being mandatory or jurisdictional in character but merely conferring a personal privilege which may be waived. *People v. Bradley,* 7 Ill.2d 619, 131 N.E.2d 538 (1956); *State v. Griffith,* 14 N.J.Super. 77, 81 A.2d 382 (1951); *State v. Faile,* 43 S.C. 52, 20 S.E. 798 (1895); *State v. Simmons,* 199 Tenn. 479, 287 S.W.2d 71 (1956); *Hanson v. Smyth,* 183 Va. 384, 32 S.E.2d 142 (1944); *Tuttle v. State,* 158 Me. 150, 180 A.2d 608 (1962), *cert. denied,* 371 U.S. 879, 83 S.Ct. 151, 9 L.Ed.2d 116 (1962).

In construing a similar provision in the Federal Rules, the 5th Circuit Court of Appeals stated in *Barkman, supra:* "An impecunious accused, unable to furnish bail, should not be required to languish in the common jail, with nothing to do but gripe and grow mean in association with other evilly inclined while waiting for the grand jury to convene." *Id.* at 15. While it can be expected that most indictment waivers will be offered by defendants who intend to plead guilty, the rule is also for the benefit of those who choose to stand trial.

## VIII. WAIVER OF PROCEDURAL DUE PROCESS RIGHT

■ Section 12 of the Kentucky Constitution providing for accusation of felony offenses by indictment is itself a matter of substantive due process, but the manner of waiving that right and of consenting to be prosecuted instead by information is a matter of procedural due process. Substantive due process is satisfied by giving the accused written notice of the elements of the offense with which he is charged.

Consequently, there is no constitutional barrier to such waiver being authorized by court rule.

Waiving the formalities of a grand jury indictment is analogous to waiving the right of trial by jury in criminal cases. Both are personal rights which may be waived. *Short v. Commonwealth,* Ky., 519 S.W.2d 828 (1975).

In *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 258, 74 L.Ed. 854 (1930), the United States Supreme Court held that the right to trial by jury "is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election. To deny his power to do so is to convert a privilege into an imperative requirement."

Inasmuch as an accused can plead guilty to a crime and waive the right to a trial by jury, we perceive no constitutional violation or prejudice to an accused by allowing an individual to state that he neither needs nor desires the protection of formal action by the grand jury in a particular proceeding. By pleading guilty and giving up a jury trial, the accused waives a greater right than accusation by formal indictment.

The judgment of the Jefferson Circuit Court is hereby affirmed.

COOPER, GRAVES, JOHNSTONE, KELLER, and WINTERSHEIMER, J.J., concur.

STUMBO, J., dissents in a separate opinion in which LAMBERT, C.J., joins.

STUMBO, Justice, dissenting.

Section 12 of the Kentucky constitution provides as follows:

No person, for an indictable offense, shall be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia, when in the actual service in time of war or public danger, by leave of court for oppression or misdemeanor in office.

An indictable offense is defined as one that carries an infamous punishment which includes offenses punishable by imprisonment in the state penitentiary. *Lakes v. Goodloe,* Ky. 195 Ky. 240, 242 S.W. 632 (1922). An indictment is of fundamental importance in the criminal process because it determines both the subject matter jurisdiction of the trial court and the status of the accused. *Commonwealth v. Adams,* Ky., 17 S.W. 276 (1891): *King v. City of Pineville,* Ky., 222 Ky. 73, 299 S.W. 1082 (1927): *Singleton v. Commonwealth,* Ky., 306 Ky. 454, 208 S.W.2d 325 (1948).

The jurisdiction conferred by an indictment extends only to the offense charged and any lesser included offense. *Cody v. Commonwealth,* Ky., 449 S.W.2d 749, 751 (1970). The indictment has been held not to be subject to waiver. *Commonwealth v. Adams,* Ky., 17 S.W. 276, 277 (1891). To quote *Commonwealth v. Adams:*

> The law creates courts and defines their powers. Consent [by the accused] can not authorize a judge to do what the law has not given him the power to do .... It is the sole province of the grand jury, under our law, to find an indictment. It, and not the court, must say upon what charge the party shall be arraigned.

*Id.,* 17 S.W. at 277.

RCr 6.02(1) permits the waiver of an indictment by the defendant, requiring only that same be in writing. The rule itself specifically refers to Section 12, noting that the Constitution requires that certain offenses be prosecuted by indictment. That rule was promulgated by the authority given to us in Section 116, which gives to the Supreme Court the power to prescribe the rules of practice and procedure for the Court of Justice. To my mind, practice and procedure simply do not rise to the level of a guaranteed constitutional right to face only those charges with an infamous punishment that have passed through the Grand Jury process. Practice and procedure tell you how to prosecute a charge, not which court has the authority to pass judgment on it. The power granted to this Court by Section 116 does not, in my view, additionally give us the power to determine that a separate section of the same Constitution need not be preserved and followed. I would hold that RCr 6.02(1) is unconstitutional and, therefore, the judgment appealed from is void as it has no constitutionally valid basis.

LAMBERT, C.J., concurs.