Monica Denise DOSS, Appellant,

v.

Hon. Tom McDONALD, Judge,
Jefferson Circuit Court,
Division 12, Appellee,

and

Commonwealth of Kentucky,
Real Party in Interest.

No. 2002–SC–0086–MR.

Supreme Court of Kentucky.

Aug. 22, 2002.

Frank Wm. Heft, Jr., Jennifer Lyn Frederick, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Dennis W. Shepherd, Office of Attorney General, Criminal Appellate Division, Frankfort, Franklin Todd Lewis, Jeanne Deborah Anderson, Louisville, for Appellee.

GRAVES, Justice.

Appellant, Monica Doss, sought a writ of prohibition from the Court of Appeals to prohibit the Jefferson Circuit Court from hearing the Commonwealth's case against her. The Court of Appeals summarily denied Appellant's petition without opinion. The issue concerns whether a district court's finding of incompetency, and resulting order continuing the proceedings,

prevents the grand jury from going forward with an indictment. For reasons to be stated, the decision of the Court of Appeals is hereby affirmed.

Appellant was charged with first-degree robbery and arraigned in the Jefferson District Court. At a probable cause hearing held on June 18, 2001, the district court ordered that Appellant be evaluated for competency pursuant to KRS 504.080. On July 18th, the district court found Appellant to be incompetent and ordered her to undergo treatment, because there was a substantial likelihood that she would attain competency in the near future. As a result, Appellant's case was continued until September 18, 2001. On July 26, 2001, the Jefferson County Grand Jury returned an indictment against Appellant charging her with one count of first-degree robbery. Since the offense was a felony, the Jefferson Circuit Court obtained jurisdiction of the case. Appellant was arraigned on July 30th in the Jefferson Circuit Court. Appellant thereafter filed a motion to dismiss the indictment.

When the proceedings resumed in district court on September 18, 2001, the Commonwealth moved to dismiss the pending district court case without prejudice, in light of the pending case against Appellant in the circuit court. Appellant objected, arguing that all proceedings against her were stayed pursuant to RCr 8.06[1]. However, the district court ruled that Appellant would not be prejudiced by dismissal, and dismissed the case without prejudice.

The circuit court then conducted a hearing on October 15th on Appellant's motion to dismiss the indictment. Appellant argued that RCr 8.06 precluded the grand

jury from returning an indictment because all proceedings were postponed as a result of the district court's finding of incompetency. The circuit court rejected that argument and denied the motion. Appellant then filed for a writ of prohibition in the Court of Appeals to prevent the circuit court from proceeding further with the case. The Court of Appeals denied the petition for writ of prohibition on January 14, 2002. Thereafter, on April 18, 2002, the circuit court proceeded with a competency hearing and found Appellant competent to stand trial. The case is currently awaiting disposition of this appeal.

■ Appellant contends that the grand jury was precluded from returning an indictment against her because RCr 8.06 requires that "all proceedings" be stayed when there is an issue of competency, and the convening of a grand jury qualifies as a "proceeding." We disagree.

The express purpose of RCr 8.06 is that of ensuring that a defendant is competent during all significant phases of *trial.* The beginning phrase of the rule belies any intention that grand jury indictment proceedings be postponed, stating: "If *upon the arraignment* or during the proceedings...." This language indicates that it is only those proceedings which occur *after* arraignment that must be postponed when questions about a defendant's competency arise. Since a circuit court grand jury indictment occurs before a defendant is arraigned, there is no reason to apply the postponement requirement to those proceedings. This is perfectly logical given the nature of a grand jury session and the goals of RCr 8.06.

■ The purpose of an indictment is merely to inform an accused of the essen-

---

1. RCr 8.06—If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or her, or to

participate rationally in his or her defense, all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100.

tial facts of the charges against him. *Malone v. Commonwealth,* Ky., 30 S.W.3d 180, 182 (2000). A defendant plays no part in the grand jury process. In fact, the proceeding is held without the defendant present, and the defendant is not entitled to present evidence or make a defense. *Pankey v. Commonwealth,* Ky., 485 S.W.2d 513 (1972). The prosecutor initiates a grand jury investigation and assists the panel with its duties. Given these facts, it is immaterial whether a defendant is competent or incompetent at the time a grand jury is convened. RCr 8.06 exists to guarantee that each defendant is able to make rational decisions about his or her defense during trial. No decisions are required of a defendant during a grand jury investigation, and it is therefore inconsistent to construe the "all proceedings" language in the rule to include grand jury sessions. As such, no error occurred and the indictment of the Jefferson County Grand Jury is proper.

A writ of prohibition is an extraordinary remedy. Such a writ will only be granted upon a showing that: (1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. *Kentucky Labor Cabinet v. Graham,* Ky., 43 S.W.3d 247, 251 (2001). Since Appellant's situation exhibits none of the described criteria, a writ of prohibition is not warranted.

For the foregoing reasons, the decision of the Court of Appeals is hereby affirmed.

All concur.