**Shawn PURSLEY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**2015-SC-000270-MR**

Supreme Court of Kentucky.

RENDERED: OCTOBER 20, 2016

COUNSEL FOR APPELLANT: Samuel N. Potter, Assistant Public Advocate

COUNSEL FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Perry Thomas Ryan, Assistant Attorney General

## OPINION OF THE COURT OF THE COURT BY JUSTICE VENTERS

Appellant, Shawn Pursley, appeals from a judgment of the Jefferson Circuit Court convicting him of four counts of third degree burglary and sentencing him to five years' imprisonment on each count, to be served consecutively for a total of twenty years' imprisonment. Appellant waived his right to indictment and agreed to proceed by way of an information filed by the Commonwealth. He now asserts the circuit court lost jurisdiction to adjudicate his case when the original charges were amended. For the reasons stated below, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As part of an expedited prosecution process referred to locally as a "rocket docket agreement," Appellant agreed to waive his right to indictment by a grand jury and to enter a guilty plea based upon an information filed by the Commonwealth charging him with four counts of second degree burglary.[1] The Commonwealth agreed to recommend a sentence of ten years' imprisonment on each charge, to be served concurrently for a total sentence of ten years. The agreement further provided

---

1. An "[i]information is an agreement between the state and the individual to proceed without the formalities of a grand jury indictment." *Malone v. Commonwealth,* 30 S.W.3d 180, 183 (Ky. 2000).

that Appellant, who was on probation at the time, would upon revocation of his probation be sentenced to a term of five years' imprisonment to be served consecutively to the ten year burglary sentence. In total, the sentencing recommendation agreed upon by the parties was to be fifteen years' imprisonment.[2]

However, before Appellant formally entered his plea of guilty to the original charges, further negotiations took place resulting in a different plea agreement. Under the new agreement, the Commonwealth agreed to amend each count of second degree burglary to third degree burglary and to recommend a sentence of five years on each count. The sentences on three burglary counts were to be served concurrently with each other but consecutively to the remaining count for a total of ten years' imprisonment.

The new plea agreement also contained a "hammer clause"[3] by which the Commonwealth agreed to Appellant being released from jail on his own recognizance until sentencing, with the condition that if he committed another offense before sentencing, the Commonwealth could recommend a total sentence of twenty years. Appellant accepted these conditions and entered his guilty plea accordingly. The trial court accepted the plea.

While released from jail prior to sentencing, Appellant incurred new criminal charges. Prior to sentencing, he moved the trial court to dismiss all of the third degree burglary charges or in the alternative, to accept his guilty plea under the terms of the original plea agreement. The trial court denied Appellant's motion. The Commonwealth recommended a sentence of twenty years pursuant to the hammer clause, and the trial court imposed that sentence. This appeal followed.

## II. ANALYSIS

The single issue before this Court is whether the trial court retained jurisdiction over Appellant's case at the time of sentencing and entry of the final judgment. Appellant contends that the trial court acquired jurisdiction by virtue of the information charging four counts of second degree burglary and that his assent to the information was a part of the initial plea agreement. He asserts that he waived indictment *only* to the original charges of second degree burglary such that, when the initial plea agreement dissolved and the original charges were amended, the trial court lost jurisdiction to adjudicate his guilt and impose a sentence on the amended charges.

"It is fundamental that a court must have jurisdiction before it has authority to decide a case." *Commonwealth v. Farmer*, 423 S.W.3d 690, 692 (Ky. 2014)

2. The Commonwealth raises a factual issue about whether the Commonwealth actually assented to the original agreement; the formal plea offer is not signed by a representative of the Commonwealth although the "Waiver of Rights," including the agreement to proceed by information entered at the same time, is signed by a deputy prosecutor. Our disposition does not compel the resolution of this matter; for purposes of review we accept Appellant's averment that an agreement existed.

3. In *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701–02 (Ky. 2010) we said, "We neither endorse nor condemn the general use of the 'hammer clause' in a plea agreement. ... Our disapproval of the specific plea agreement involved here arises from the fact that its acceptance by the court resulted in the imposition of an illegal sentence. A 'hammer clause' which remains within the legislatively authorized sentencing ranges remains an appropriate plea bargaining tool subject to the trial court's review and exercise of its independent discretion as described in the following section of this opinion."

(quoting *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky. 2005)). A circuit court acquires subject matter jurisdiction over a felony case in only two ways: by a grand jury indictment or by information. *Malone v. Commonwealth,* 30 S.W.3d 180, 183 (Ky. 2000). Prosecution of a criminal charge cannot proceed by information unless the defendant has waived the right to a grand jury indictment. *Id.;* RCr 6.02(1).[4]

We also noted in *Malone* that "[t]he rules governing prosecution by information are identical to those relating to prosecution by indictment." 30 S.W.3d at 183. Thus, we address the amendment of charges originally set forth in an information exactly as we would address the amendment of charges in an indictment. By way of analogy, we refer to the case of *Commonwealth v. Adkins,* 29 S.W.3d 793, 794 (Ky. 2000).

■ In *Adkins,* we addressed the question of whether the circuit court retained jurisdiction of the case after the indictment alleging a felony offense was amended down to a misdemeanor. KRS 24A.110(2) vests the district court with exclusive jurisdiction over the disposition of misdemeanor offenses, except when the misdemeanor is properly joined in an indictment with a felony. Ky. Const. § 113(6). *Adkins* recognized that the circuit court's jurisdiction is triggered by the filing of the indictment and that subject matter jurisdiction is determined from the indictment. Thus, the subsequent amendment of the indictment from a felony to a misdemeanor based upon the same set of facts did not divest the circuit court of jurisdiction over the

disposition of the case. *Id.* at 794. The same is true when the circuit court has acquired jurisdiction by way of information rather than indictment. Once jurisdiction over the case is properly acquired, a subsequent amendment of the charge to another offense based upon the same factual circumstances does not deprive the court of jurisdiction to adjudicate the action to final judgment.

We do not regard Appellant's waiver of indictment by a grand jury as conditioned exclusively upon the charges of second degree burglary such that it excludes any lesser included offenses that might properly arise from a second degree burglary charge. The waiver of indictment signed by Appellant and his trial counsel does not expressly preclude amendment to proper lesser included charges, nor do we think it could preclude such an amendment. RCr 6.16 provides that "[t]he court may permit an indictment, information, complaint, or citation to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Whether proceeding by indictment or information, the circuit court does not lose jurisdiction over the case when it permits charges to be amended.

The Jefferson Circuit Court acquired jurisdiction over Appellant's case when he waived formal indictment of the second degree burglary charges and chose prosecution by information. Concomitantly, Appellant's submission to that court's jurisdiction over the specific charges of second

---

4. RCr 6.02(1) provides: "All offenses required to be prosecuted by indictment pursuant to Section 12 of the Kentucky Constitution shall be prosecuted by indictment unless the defendant waives indictment by notice in writing to the circuit court, in which event the offense may be prosecuted forthwith by information." Section 12 of the Kentucky Constitution provides: "No person, for an indictable offense, shall be proceeded against criminally by information [except for situations not applicable here]." However we have noted that the accused may "prosecuted by information if he knowingly waives that right." *Malone,* 30 S.W.3d at 183.

degree burglary included submission to its jurisdiction over any other charges that might reasonably be derived from the conduct underlying the second degree burglary charges, including the less egregious conduct of third degree burglary. Appellant submitted to the jurisdiction of the court, and he accepted the terms of the plea agreement, including the amendment of the charges in compliance with RCr 6.16 and the hammer clause provision. He provides no persuasive basis to invalidate the judgment entered by the circuit court and to revert to the original plea agreement.

### III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the Jefferson Circuit Court in this matter.

All sitting. All concur.

