2002 ME 55

**STATE of Maine**

v.

**Virginia McLAUGHLIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 14, 2002.

Decided: April 8, 2002.

---

Geoffrey A. Rushlau, District Attorney, F. Todd Lowell, Asst. Dist. Atty., Wiscasset, for State.

Richard W. Elliott II, Esq., Elliott & Elliott, Boothbay Harbor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Virginia McLaughlin appeals from a judgment entered in the Superior Court (Lincoln County, *Atwood, J.*) following a jury waived trial finding her guilty of operating beyond a license restriction (Class E) in violation of 29–A M.R.S.A. § 1251(1) (1996 & Supp.2001).[1] McLaughlin con-

---

1. Section 1251 provides in pertinent part:

    § 1251.  License required

    1.  Violation. A person commits an offense of operating a motor vehicle without a license if that person operates a motor vehicle on a public way or parking area without being licensed or in violation of a condition or restriction on the license. For a resident, that license must be issued by this State.

tends that 29–A M.R.S.A. § 1251(6)(A) [2] exempts her from § 1251(1). Alternatively she claims the statute is unconstitutionally vague as applied to her. We affirm the judgment.

## I. BACKGROUND

[¶ 2] In October of 1999 Virgina McLaughlin, a former resident of Maine, was stopped on Route 144 in Wiscasset and charged with operating under the influence. At the time of the stop McLaughlin was licensed to drive in Florida. Before McLaughlin's move to Florida her Maine license had been suspended for several OUI convictions. Six months before her stop on Route 144 her "operating privileges" had been restored in the State of Maine with the condition that she "not operate a motor vehicle after having consumed intoxicating liquor in accordance with the provisions of 29–A M.R.S.A. § 2506." [3]

[¶ 3] With a jury trial pending for the OUI charge, the Superior Court granted the State permission to file an information charging McLaughlin with operating a vehicle after consuming liquor in violation of 29–A M.R.S.A. § 1251(1). McLaughlin waived a jury trial for the violation of a restriction charge.

[¶ 4] After the jury returned a not guilty verdict on the OUI charge, the court heard evidence and argument on the violation of a condition charge. McLaughlin's counsel moved for a judgment of acquittal arguing that section 1251(1) did not apply to a nonresident possessing a valid license from her home state. The court denied the motion. The court also found that the condition on McLaughlin's operating privilege was not unconstitutionally vague because the restriction "reflects ... a zero tolerance ... if you consume any alcohol and operate a motor vehicle thereafter, meaning sufficiently close in time," you have violated the restriction on your driving privilege. The court accepted the tes-

---

2. Penalty. Operating without a license is a Class E crime, except if the license has expired within 30 days, the offense is a traffic infraction. . . .
29–A M.R.S.A. § 1251(1) & (2) (1996 & Supp.2001).

**2.** Subsection 6 provides:
6. Exemptions. The following people are exempt from the license requirements of this chapter:
A. A nonresident who is 16 years of age or older and who has in that person's possession a valid license or instruction permit issued by that person's state or province. A nonresident operator shall adhere to all restrictions applied to the license or instruction permit issued by that person's state or province. A nonresident who is not yet 16 years of age may not operate a motor vehicle;
B. A person on active duty in the United States Armed Forces, if that person possesses:
(1) A valid license issued by that person's state of domicile; or

(2) For a period of 45 days after return from duty outside the United States, a valid license issued by the United States Armed Forces in foreign countries;
C. A spouse of a member of the United States Armed Forces while accompanying that member on active duty assignment to this State, and who is not a resident of this State and who has a valid license issued by another jurisdiction; and
D. A person operating a motor vehicle in a parking area under the supervision of an instructor during applied technology education . . . .
29–A M.R.S.A. § 1251 (1996).

**3.** Section 2506 provides that the Secretary of State may issue a "conditional license" to a person "with an OUI conviction ... on the condition that the person not operate a motor vehicle after having consumed intoxicating liquor for the following periods from the license reinstatement date: on first conviction, one year; and on a 2nd or subsequent conviction, 10 years. . . ." 29–A M.R.S.A. § 2506 (1996).

timony of a witness who had observed McLaughlin consuming some quantity of alcohol at a bar and who shortly thereafter, along with a police officer, observed her driving. The court found McLaughlin guilty of the offense of violating a condition of her license, and sentenced her to forty-five days suspended and six months of probation. McLaughlin filed this appeal.

## II. DISCUSSION

### A. The Statute's Meaning

■ [¶ 5] We review the interpretation of a statute, a matter of law, *de novo.* *Hailu v. Simonds,* 2001 ME 155, ¶ 8, 784 A.2d 1, 3. We "must ... strictly" construe criminal statutes. *State v. White,* 2001 ME 65, ¶ 4, 769 A.2d 827, 828. Section 1251(1) provides in pertinent part: "A person commits an offense of operating a motor vehicle without a license if that person operates a motor vehicle on a public way ... in violation of a condition or restriction on the license. For a resident, that license must be issued by this State." 29–A M.R.S.A. § 1251(1) (1996 & Supp. 2000). For the purposes of this section "license" is defined to mean "an operator's license or driver's license or other license, permit or privilege to operate a motor vehicle[,] [including] a nonresident operating privilege ...." 29–A M.R.S.A. § 101(31) (1996). Substituting "nonresident operating privilege" for "license" in the first sentence of section 1251(1), McLaughlin was convicted of the following violation: "A person commits an offense of operating a motor vehicle without a *nonresident operating privilege* if that person operates a motor vehicle on a public way ... in violation of a condition or restriction on the *nonresident operating privilege."*

[¶ 6] McLaughlin argues that because she is a resident of Florida in possession of a valid Florida license without condition or restriction she is exempt from the opera-

tion of section 1251(1). The State contends that section 1251(6) merely identifies groups of persons who do not have to obtain a State of Maine license.

[¶ 7] Contrary to McLaughlin's contention, section 1251(6) does not relieve her of the obligation to comply with the conditions on her nonresident operating privilege. Subsection 6 instructs McLaughlin that she does not have to obtain a Maine driver's license to operate a car in Maine. It does not exempt her from the prohibition in subsection 1 that she cannot drive in the State of Maine in violation of a condition on her nonresident operating privilege.

### B. The Statute's Constitutionality

■ [¶ 8] In the alternative McLaughlin contends the condition that she "not operate a motor vehicle after having consumed intoxicating liquor," pursuant to section 2506, is unconstitutionally vague. McLaughlin asserts that she is uncertain whether she may have a drink at lunch and drive later that evening, or even the next day. The State contends that an ordinary person reading the statute would understand that she could not operate a motor vehicle having consumed alcohol while that alcohol remains in her system.

■ [¶ 9] A statute will be invalidated for vagueness "when it fails to 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *State v. Weeks,* 2000 ME 171, ¶ 7, 761 A.2d 44, 46 (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Also, an "ordinance or a statute may be void for vagueness when its language either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess at its meaning." *Id.* (quoting

 

*Portland v. Jacobsky,* 496 A.2d 646, 649 (Me.1985)). We have recognized that legislation should not be held invalid "on the ground of uncertainty, if susceptible of any reasonable construction that will support it." *State v. Eaton,* 577 A.2d 1162, 1165 (Me.1990) (quoting *State v. Davenport,* 326 A.2d 1, 6 (Me.1974)). Additionally, the "sufficiency of the language of the statute is properly tested in the circumstances of the case at bar." *State v. Hills,* 574 A.2d 1357, 1358 (Me.1990).

[¶ 10] The trial court's construction of the condition is entirely reasonable: "[T]he statute reflects a zero tolerance statute which read and understood in the common sense fashion is if you consume any alcohol and operate a motor vehicle thereafter, meaning sufficiently close in time," the driver is in violation. We agree. The condition is placed on a driver's operating privilege after an OUI conviction; the language should deter the driver from drinking *anything* containing alcohol and driving a car. The State has the power to place the toughest condition it deems necessary on a privilege to drive in Maine when that motorist has been previously sanctioned by the law for operating under the influence. The point of the condition is to keep such a driver from driving when they might be impaired; the trial court determined that McLaughlin violated the condition based on a witness's testimony that not long after she had some quantity of alcohol at a bar he observed her driving, as did a police officer. The State has to prove with objective evidence that a driver with a nonresident operating privilege subject to an "alcohol free" condition has either driven "sufficiently close" in time to her consuming alcohol, or driven while impaired due to alcohol in her blood. The condition sufficiently informs a driver that she cannot drive shortly after having consumed any alcohol. The condition on McLaughlin's nonresident operating privilege is not unconstitutionally vague.

The entry is:

Judgment affirmed.