2002 ME 97

**STATE of Maine**

v.

**Vaughn NASTVOGEL**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 30, 2002.

Decided: June 20, 2002.

Geoffrey A. Rushlau, Esq., Patricia A. Mador, Esq., Wiscasset, for State.

William M. Avantaggio, Esq., Howard & Bowie, Damariscotta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Vaughn Nastvogel appeals from the entry of judgments in the Superior Court (Lincoln County, *Warren, J.*), after a jury trial finding him guilty of two counts of stalking, 17–A M.R.S.A § 210–A(1)(B) (Supp.2001), *repealed by* P.L.2001, ch. 383, § 12 (effective Jan. 31, 2003) (Class C), and one count of harassment, 17–A M.R.S.A § 506–A(1) (Supp.2001), *repealed and replaced by* P.L.2001, ch. 383, § 66 (effective Jan. 31, 2003) (Class E). Nastvogel argues that the court erred by allowing the State to proceed on elevated Class C stalking charges and that the harassment statute is void for vagueness. We disagree and affirm the judgments.

## I. CASE HISTORY

[¶ 2] Sometime in December 2000, Vaughn Nastvogel met the complainant in the paint section of Poole Brothers Lumber hardware store in Damariscotta. Within the next month, Nastvogel sent the complainant flowers and followed up with a forty-five minute telephone call. During the next few days they spent time together and over the following weekend the friendship developed into a sexual relationship. The complainant hired Nastvogel to perform repairs to her house. After Nastvogel revealed his criminal history and probation to the complainant, she attempted to break off the relationship.[1]

[¶ 3] Nonetheless, Nastvogel and the complainant continued their sexual relationship through early March, when the complainant finally told him "I can't see you anymore." Over the next three weeks, Nastvogel persisted with repeated telephone calls despite the complainant's objections, often calling her cellular telephone several times a day. The complainant threatened to call Nastvogel's probation officer, but he still called her. Finally, the complainant secured a protection from harassment order. Immediately after the deputy sheriff served Nastvogel with the order, Nastvogel called the complainant, asking "why she was that upset." The complainant reported the call to the deputy who placed Nastvogel under arrest for violating the harassment order.

[¶ 4] After the hearing on the State's successful motion to revoke Nastvogel's probation, Nastvogel returned to jail and called the complainant, reaching her on her cellular telephone. Nastvogel also continued to attempt to place collect telephone calls to the complainant.

[¶ 5] Nastvogel was indicted on two counts of stalking, 17–A M.R.S.A. § 210–

---

1. Nastvogel had one prior conviction for stalking and one prior conviction for assault.

A(1) (Class C) [2] and two counts of harassment, 17–A M.R.S.A. § 506–A(1) (Class E).[3] Relying on 17–A M.R.S.A. § 1252(4–

**2.** The stalking statute in effect at the time read as follows:

1. A person is guilty of stalking if:

A. The person intentionally or knowingly engages in a course of conduct directed at another specific person that would in fact cause a reasonable person:

(1) To suffer intimidation or serious inconvenience, annoyance or alarm;

(2) To fear bodily injury or to fear bodily injury to a member of that person's immediate family; or

(3) to fear death or to fear the death of a member of that person's immediate family; and

B. The person's course of conduct in fact causes the other specific person:

(1) To suffer intimidation or serious inconvenience, annoyance or alarm;

(2) To fear bodily injury or to fear bodily injury to a member of that person's immediate family; or

(3) To fear death or to fear the death of a member of that person's immediate family.

2. As used in this section, unless the context otherwise indicates, the following terms have the following meanings.

A. "Course of conduct" means repeatedly maintaining a visual or physical proximity to a person or repeatedly conveying oral or written threats, threats implied by conduct or a combination of threats and conduct directed at or toward a person. For purposes of this section, "course of conduct" also includes, but is not limited to, gaining unauthorized access to personal, medical, financial, or other identifying information, including access by computer network, mail, telephone or written communication. "Course of conduct" does not include activity protected by the Constitution of Maine, the United States Constitution by state or federal statute.

B. "Immediate family" means a spouse, parent, child, sibling, stepchild, stepparent, or any person who regularly resides in the household or who within the prior 6 months regularly resided in the household.

C. "Repeatedly" means on 2 or more occasions.

3. Stalking is a Class D crime for which the court shall impose a sentencing alternative involving a term of imprisonment of at least 60 days, of which 48 hours may not be suspended, and may order the actor to attend an abuser education program approved by the court, except that stalking is a Class C crime when the actor has 2 or more prior convictions for violations of this section, 2 or more violations under Title 5, section 4659; Title 15, section 321; Title 19, section 769; or Title 19–A, section 4011 or 2 or more prior convictions for violations of any other temporary, emergency, interim or final protective order, an order of a tribal court of the Passamaquoddy Tribe or Penobscot Nation, any similar order issued by any court of the United States or of any other state, territory, commonwealth or tribe or a court-approved consent agreement. The court shall impose a sentencing alternative involving a term of imprisonment, in the case of a Class C crime, of at least 6 months, of which 14 days may not be suspended, and may order the actor to attend an abuser education program approved by the court. For purposes of this subsection, the dates of both of the prior convictions must precede the commission of the offense being enhanced by no more than 10 years, although both prior convictions may have occurred on the same day. Stalking is not a Class C crime if the commission of the 2 prior offenses occurred within a 3–day period. The date of the conviction is determined to be the date that the sentence is imposed, even though an appeal was taken. The date of a commission of a prior offense is presumed to be that stated in the complaint, information, indictment or other formal charging instrument, notwithstanding the use of the words "on or about" or the equivalent.

17–A M.R.S.A. § 210–A.

**3.** The harassment statute in effect read as follows:

1. A person is guilty of harassment if, without reasonable cause, that person engages in any course of conduct with the intent to harass, torment or threaten another person, after having been forbidden to do so by any sheriff, deputy sheriff, constable, police officer or justice of the peace or by a court in a protective order issued under Title 5, section 4654 or 4655 or Title 19–A,

A) (Supp.2001), *amended by* P.L.2001, ch. 383, § 150 (effective Jan. 31, 2003),[4] the State used Nastvogel's prior convictions for assault, 17–A M.R.S.A. § 207 (Supp. 2001), *repealed and replaced by* P.L.2001, ch. 383, § 10 (effective Jan. 31, 2003) (Class D) and stalking, 17–A M.R.S.A. § 210–A (Class D), to elevate the stalking charges from Class D to Class C. Although Nastvogel admitted to prior convictions, he moved, in limine, to dismiss the stalking indictments on the ground that the stalking statute does not provide for the use of a prior assault conviction. The court reserved a decision on Nastvogel's motion. Nastvogel was convicted, after the jury trial, of two stalking counts and one of the two harassment counts. After hearing argument on Nastvogel's motion to dismiss, the court denied the motion. This appeal followed.

## II.  DISCUSSION

### A.  Elevation of Charges

[¶ 6] Nastvogel argues that, strictly construed, the enhanced charging provision in the stalking statute, 17–A M.R.S.A. § 210–A(3), precludes the application of the general statute providing for

enhanced charges for repeat offenders, 17–A M.R.S.A. § 1252(4–A). The interpretation of statutes is a question of law that we review de novo. *State v. Day*, 2000 ME 192, ¶ 5, 760 A.2d 1039, 1040. In addition, "[a] criminal statute must be strictly construed." *Id.* Any ambiguity left unresolved by the strict interpretation of criminal statutes must be resolved in favor of the defendant, *State v. Wilder*, 2000 ME 32, ¶ 30, 748 A.2d 444, 452, but "[s]tatutory language must be construed 'to avoid absurd, illogical, or inconsistent results.'" *State v. Day*, 1999 ME 29, ¶ 13, 724 A.2d 1245, 1247 (quoting *Fullerton v. Knox County Comm'rs*, 672 A.2d 592, 594 (Me. 1996)).  Specific criminal statutory provisions take precedence over general ones. *Id.* (citing *S. Portland Civil Serv. Comm'n v. City of S. Portland*, 667 A.2d 599, 601 (Me.1995)).

[¶ 7] The stalking statute specifically provides for an enhanced charge if the accused previously has been found guilty twice of stalking or the violation of specific domestic violence related civil statutes: 5 M.R.S.A. § 4659 (2002) (violation of a protective order), 15 M.R.S.A. § 321 (Supp

section 4006 or 4007 or, if the person is an adult in the custody or under the supervision of the Department of Corrections, after having been forbidden to do so by the Commissioner of Corrections, the chief administrative officer of the facility, the regional correctional administrator for the region or their designees.

17–A  M.R.S.A. § 506–A.

4.  17–A M.R.S.A. § 1252(4–A) in effect at the time read as follows:

4–A.  If the State pleads and proves that, at the time any crime, excluding murder, under chapter 9, 11, 13, or 27 was committed, the defendant had been convicted of 2 or more crimes violating chapter 9, 11, 13 or 27 or essentially similar crimes in other jurisdictions, the sentencing class for the crime is one class higher than it would otherwise be.  In the case of a Class A

crime, the sentencing class is not increased, but the prior record must be given serious consideration by the court when imposing a sentence.  For purposes of this subsection, for violations under chapter 9, 13, or 27, the dates of the prior convictions must precede the commission of the offense being enhanced by no more than 10 years, although both prior convictions may have occurred on the same date.  This subsection does not apply if the 2 prior offenses were committed within a 3–day period. The date of a conviction is deemed to be the date that sentence is imposed, even though an appeal was taken.  The date an offense was committed is presumed to be the date stated in the complaint, information or indictment, notwithstanding the use of the words "on or about" or the equivalent.

2001) (protective orders in crimes between family members), former 19 M.R.S.A. § 769 (1981), *repealed by* P.L.1995, ch. 694, § B–1 (effective October 1997), and 19–A M.R.S.A. § 4011 (1998 & Supp.2001) (protection from abuse). 17–A M.R.S.A § 210–A(3). Section 1252(4–A) allows the State to elevate by one sentencing class its charging of a crime under chapters 9, 11, 13, or 27 of the MAINE CRIMINAL CODE, if the accused previously has "been convicted of 2 or more crimes violating chapters 9, 11, 13, or 27." 17–A M.R.S.A. § 1252(4–A). Crimes proscribed by those chapters include assault, 17–A M.R.S.A § 207, and stalking, 17–A M.R.S.A. § 210–A. Both sections 210–A(3) and 1252(4–A) allow for enhanced charging for prior stalking convictions.

[¶ 8] Although the two statutes make no reference to each other, they can be read to operate in concert. With the exception of stalking, which is mentioned in both sections, each statute provides for what the other does not. Reference to stalking in both statutes does not create surplusage so as to warrant finding an inconsistency between the two sections. The extra enhanced charging provisions in the stalking statute pertain to domestic violence related offenses that are, with the exception of stalking, found outside the criminal code and are in addition to those found in the general enhanced charging statute that addresses prior criminal convictions. Thus there is no inconsistency between sections 210–A(3) and 1252(4–A).

B. Constitutionality

[¶ 9] Nastvogel also argues that the harassment statute, 17–A M.R.S.A. § 506–A(1), is unconstitutionally void for vagueness because it does not define

"course of conduct." Statutes are presumed to be constitutional, and we are " 'bound to avoid an unconstitutional interpretation of a statute if a reasonable interpretation of the statute would satisfy constitutional requirements.' " *State v. Cropley*, 544 A.2d 302, 304 (Me.1988) (quoting *Bossie v. State*, 488 A.2d 477, 479 (Me.1985)).

[¶ 10] The phrase "course of conduct" appears undefined numerous times in the criminal statutes.[5] *See, e.g.*, 17–A M.R.S.A. § 8(6)(A) (1983) ("A crime is committed when every element thereof has occurred, or if the crime consists of a continuing course of conduct, at the time when the course of conduct or the defendant's complicity therein is terminated"); 17–A M.R.S.A. § 352(E) (1983 & Supp. 2001), *amended by* P.L.2001, ch. 383, § 32 (effective Jan. 31, 2003) ("Amounts of value involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated to charge a single theft of appropriate class or grade"). The phrase may be defined fairly to include "repeated behavior." We have used the phrase to refer to a series of actions leading to a single criminal episode or act. *State v. Fournier*, 617 A.2d 998, 1000 (Me. 1992) (aggregation statute was intended by legislature "to provide the State with the authority either to charge each instance of theft in a separate count or to charge the entire course of conduct in a single count"); *State v. Crocker*, 435 A.2d 58, 67, 77 (Me.1981) (course of conduct leading to "depraved indifference" murder); *State v. Littlefield*, 389 A.2d 16, 21 (Me.1978) (course of conduct in kidnapping).

[¶ 11] Nastvogel called the complainant at least twice after receiving the Protec-

---

5. The stalking statute is the one exception and provides a list of behaviors that constitute a "course of conduct," including maintaining a visual or physical proximity to a person or repeatedly conveying oral or written threats. 17–A M.R.S.A. § 210–A (2)(A).

tion from Harassment Order: first, on April 2, 2001, and second on April 10, 2001. Those two efforts to contact the complainant are sufficient for a "course of conduct." Nastvogel has failed to meet his burden of demonstrating that there is no reasonable interpretation of the statute that satisfies constitutional requirements.

The entry is:

Judgments affirmed.