STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, SS.                    STATE OF MAINE           CRIMINAL ACTION
                         Cumberland, ss, Clerk's Office     DOCKET NO. CR-08-131
                              SUPERIOR COURT                TEH - CUM  4/7/2008

STATE OF MAINE                      FILED 0  [illegible]

                         **RECEIVED**

    v.                                                      ORDER ON DEFENDANT'S
                                                            MOTION TO DISMISS

SEAN MEEHAN,

        Defendant


This matter is before the court on Defendant's motion to dismiss the indictment charging

him with three counts of furnishing a place "under his control" for minors to possess or consume

liquor in violation of 28-A M.R.S.A. § 2081(1)(B) (2007).[1] The State alleges that all of the

charges stem from a party that took place on November 23, 2007 at a residence owned by

Defendant's parents in Portland, Maine.

## DISCUSSION

In relevant part, 28-A M.R.S.A. § 2081(1)(B) provides that "a person may not knowingly

[a]llow a minor under that person's control or in a place under that person's control to possess or

consume liquor." Defendant argues that § 2081(1)(B) violates the Due Process clauses of the

United States Constitution and the Maine Constitution because the statutory element of "control"

is not defined in the law and is unconstitutionally vague.[2] In the alternative, he argues that this

constitutional infirmity can only be avoided by defining "control" to mean *an ownership or*

---

[1]  Count 1 alleges a Class C offence. The remaining two counts allege Class D crimes.

[2]  Defendant has also filed a motion in limine requesting a jury instruction regarding the meaning of the
term "control" in 28-A M.R.S.A. § 2081(1)(B). That is a matter to be decided by the presiding trial
justice and is not now before this court. In Defendant's reply to the State's opposition to his motion to
dismiss, Defendant notes that the State has not filed an opposition to his motion in limine and "assumes
the State's argument is the same with respect to both motions." Def.'s Reply at 1.

I

*exclusive possessory interest* in the place where the alleged offence occurred. *See*, Def.'s Reply to State's Opposition to Motion to Dismiss at 3.[3]

## A.    Unconstitutionally Vague

A statute is presumed constitutional and the burden is on the challenging party to show its unconstitutionality. *Tuttle v. State*, 158 Me. 150, 152, 180 A.2d 608, 609-10 (1962). In order to find a statute unconstitutionally vague, a court must find that it "fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Falcone*, 2006 ME 90, ¶ 6, 902 A.2d 141, 143 (quoting *State v. McLaughlin*, 2002 ME 55, ¶ 9, 794 A.2d 69, 72). "Where the meaning of a term can be adequately determined by examining the plain language definition or the common law definition, a challenge under the sufficient definiteness prong of a due process/vagueness claim will fail." *Id.* ¶ 10, 902 A.2d at 144.

"Any ambiguity left unresolved by the strict interpretation of criminal statutes must be resolved in favor of the defendant." *State v. Nastvogel*, 2002 ME 97, ¶ 6, 798 A.2d 1114, 1117. However, there is a limit to this rule of lenity. The First Circuit has held that the rule applies only if "there is a grievous ambiguity or uncertainty about the statute." *United States v. Councilman*, 418 F.3d 67, 83 (1st Cir. 2005) (en banc) (quoting *Muscarello v. United States*, 524

---

[3]   In his Reply, Defendant argues "[t]o the extent that this Court finds some other definition of the statutory terms other than those set forth in Defendant's Motion in Limine, the statute is unconstitutionally vague." *Id.* And, in his motion in limine, Defendant asserts the following:

> The legislative history demonstrates that the Legislature intended that the element of control and consequent duty was the same or similar to the common law [duty of care]. In other words, to prove that premises were under a person's control, the State must prove beyond a reasonable doubt that the person *owned or was in exclusive possession* of the place. In other words, mere residence is not enough.

Def.'s Motion in Limine at 2 (emphasis added). Defendant may not have intended to include the word "exclusive" here. His proposed jury instruction appended to the motion in limine does not include it. *Id.*, Exh. A.

U.S. 125, 138-39 (1998)) (quotation marks omitted). In *Muscarello*, the Supreme Court stated that "[t]he simple existence of some statutory ambiguity…is not sufficient to warrant application of [the rule of lenity], for most statutes are ambiguous to some degree." *Muscarello*, 524 U.S. at 138-39. Thus, the rule of lenity "applies only if, after seizing everything from which aid can be derived, [a court] can make no more than a guess as to what [the Legislature] intended." *Councilman*, 418 F.3d at 83 (quoting *Reno v. Koray*, 515 U.S. 50, 65 (1995)).

Although "control" is not defined in section 2081(1)(B), the court and the parties are not left to guess what the Maine Legislature intended when it promulgated the statute, including the challenged phrase "a place under that person's control." The statute's legislative history recites that its prohibition "is limited to occasions when the person has some duty to control the minor, whether arising from his relationship to the minor or to the premises." L.D. 551, H.P. 454. The term "control" is defined in Black's Law Dictionary as "the power or authority to manage, direct, or oversee," *Black's Law Dictionary* 143 (2d Pocket Ed. 1996), and in Webster's Dictionary as "authority or ability to regulate, direct, or influence", *Webster's New College Dictionary* 246 (2001). Applying these definitions in context, the plain meaning of "control" in the statute is sufficiently clear . It refers to the power or authority that a person has to manage, direct, oversee, regulate, direct, or influence matters in a particular place.

B.     Common Law

Drawing upon arguments made in his motion in limine, Defendant alternatively moves for dismissal based upon the statute's constitutional infirmity unless the court defines "control" to mean that a "person owned or was in exclusive[4] possession of the place [where the alleged offense occurred] … [m]ere residence is not enough." Def.'s Motion in Limine at 2.[5]

---

[4]    As noted earlier, although Defendant argues in his motion in limine that the possession must be "exclusive", his proposed jury instruction does not include the word "exclusive." Def.'s Motion in Limine, Exh. A.

3

As a preliminary matter, the court does not agree that exclusivity of possession is a necessary prerequisite to establish control of a place. *See State v. Gellers*, 282 A.2d 173 (Me. 1971). In *Gellers*, the defendant was charged with possessing and having marijuana under his control. The Law Court stated that "[p]ossession is synonymous with occupied, held, or controlled" and "possession ... need not always be exclusive nor need it be actual physical possession." *Gellers*, 282 A.2d at 178.

Again drawing upon arguments from his motion in limine, Defendant asserts that the statutory "duty to control" in 28-A M.R.S.A. § 2081(1)(B) is the same or similar to the common law duty of care. He cites *Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, 704 A.2d 411; *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303 (Me. 1991); and *Erickson v. Brennan*, 513 A.2d 288 (Me. 1986).

In *Denman*, the Law Court stated that "possession does not require actual title or ownership." *Denman*, 1998 ME 12, ¶ 4, 704 A.2d at 413 (quoting *Quadrino*, 588 A.2d at 305) (quotation marks omitted). Rather, "a possessor of land is one who, by occupancy, manifests an intent to control the land." *Id.* "Whether a person manifests an intention to control the land...is an issue of fact." *Id.* Quoting the *Restatement (Second) of Torts* § 328E (1965), the *Erickson* court defined a "possessor of land" as

(a)     a person who is in occupation of the land with intent to control it,

(b)     a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c)     a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).

*Erickson*, 513 A.2d at 290.

---

[5]     As noted earlier, Defendant's motion in limine is not before the court.

4

Assuming without deciding that Defendant's common law analysis is correct, it lends further support to a determination that the meaning of the law is constitutionally sufficient. This court earlier concluded that the plain meaning of control refers to the power or authority that a person has to manage, direct, oversee, regulate, direct, or influence matters in a particular place. In line with the common law principles cited by Defendant, the source of that power or authority may be a person's ownership, possession or occupation of the premises. There is no ambiguity here, and the State has the right to develop facts at the trial of this case that Defendant possessed or occupied the premises owned by his parents and that he was in control of that place when the minors were allegedly furnished liquor.

## DECISION

Based upon the foregoing, the court finds that the plain language definition of "control" is sufficient to permit an ordinary person to understand the law's prohibition against "allow[ing] a minor...in a place under that person's control to possess or consume liquor" and to permit the court to conclude that Defendant's due process/vagueness claim must fail.

Accordingly, the court concludes that 28-A M.R.S.A. § 2081(1)(B) is not unconstitutionally vague and the entry is:

Defendant's Motion to Dismiss is DENIED.

Dated: April 7, 2008

_____
Justice, Superior Court