STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CRIMINAL ACTION
                                        DOCKET NO: 08-2236

STATE OF MAINE

                                        ORDER ON DEFENDANT'S
        v.                              MOTION TO DISMISS


MICHAEL D'ANDREA, JR.

        Defendant


        This matter is before the court on Defendant's motion to dismiss the indictment charging him with one count of furnishing a place "under his control" for minors to possess or consume liquor in violation of 28-A M.R.S. § 2081(1)(B) (2007). Defendant argues that the law is unconstitutionally vague because the statutory element of "control" is not defined. In particular, he asserts that there is nothing in the law or its legislative history that indicates *what* constitutes "control" or *to whom* the law applies (e.g., invitees; homeowners; lease holders; mere passers by; etc.)

## BACKGROUND

        Although the parties' summaries of the underlying facts differ in some respects, their general descriptions of the events are similar. The State alleges that the charge stems from a house party that took place on June 21, 2008 following the Deering High School baseball team's win of the State championship. Defendant was one of the team's assistant coaches. The party was held at the home of the team's head coach Frank Watson.

Atty William McKinley
DA Tracy Bardwell

A True Copy
Attest: Jolly A Bough
         Clerk of Courts

According to Defendant, Mr. Watson's son was a player on the Deering team. At some point following the championship game, the head coach's son invited several people, team players and others, to the Watson home for a victory party.

Meanwhile, the coaches of the team, including Defendant, gathered at a restaurant for dinner and to celebrate the championship. Following dinner, Defendant and another assistant coach, Christopher Grant, accepted Mr. Watson's invitation to come to his home to continue the celebration.

Defendant and Mr. Grant arrived at the Watson home before Mr. Watson and saw a large number of people in the residence.[1] They also observed that alcohol was being consumed by some of the party-goers. At this point, the State alleges that Defendant and Mr. Grant ordered some individuals to leave the home and others to go to the basement. Defendant alleges that he and Grant instructed all of the minors at the party to stop consuming alcohol and prohibited any more people from either entering or leaving the home for fear that they were intoxicated.[2] Mr. Watson allegedly arrived at his home shortly after Defendant and Mr. Grant.

## DISCUSSION

In relevant part, 28-A M.R.S. § 2081(1)(B) provides that "a person may not knowingly [a]llow a minor under that person's control or in a place under that person's control to possess or consume liquor." *Id.* The focus of Defendant's argument is that

---

[1] The State's memo notes that Mr. Watson's wife was home while the coaches were at dinner. Defendant's memo makes no reference to Mrs. Watson.

[2] In contrast, the State's memo asserts with reference to witnesses' statements that "[t]here is no indication in any of the statements taken that sobriety was considered in the determination to kick people out of the home. Statements provided simply said that the coaches kicked out people that were not on the team or that they chose to have stay. Further, nothing in the statements indicate that they were told by Mr. D'Andrea to stop drinking." State's Memo at 1.

Clerk of Courts

2

section 2081(1)(B) violates the Due Process clauses of the United States Constitution and the Maine Constitution because the statutory element of "control" is not defined in the law and is unconstitutionally vague. As a result, Defendant argues, the statute fails to give a person "fair warning as to when a minor 'is under that person's control or in a place under that person's control.'" Def.'s Mot. at 3-4.

Defendant further argues that, Title 28-A Chapter 83 (in which section 2081 appears) does not indicate to whom the law applies.

> Nowhere do the definitions or applications provisions indicate whether Chapter 83 applies to homeowners, lease holders, invitees, mere passers by, or to all persons. In this case, the Defendant is an invitee of Mr. Watson to property owned by Mr. Watson. . . . The vagueness of the statute makes it impossible for the Defendant, or any other invitee for that matter, to determine whether section 2081 requires him to control the possession or consumption of liquor by minors. Consequently, not only is the meaning of 'control' vague, but [so is] the intended demographic under the terms of [section 2081]".

*Id.* at 4.

A.    What Constitutes "Control"?

A statute is presumed constitutional and the burden is on the challenging party to show its unconstitutionality. *Tuttle v. State*, 158 Me. 150, 152, 180 A.2d 608, 609-10 (1962). In order to find a statute unconstitutionally vague, a court must determine that it "fails to define the criminal offence with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Falcone*, 2006 ME 90, ¶ 6, 902 A.2d 141, 143 (quoting *State v. McLaughlin*, 2002 ME 55, ¶ 9, 794 A.2d 69, 72). "Where the meaning of a term can be adequately determined by examining the plain language definition or the

A True Copy
Attest: Jody A. Bangs
Clerk of Courts

common law definition, a challenge under the sufficient definiteness prong of a due process/vagueness claim will fail." *Id.* ¶ 10, 902 A.2d at 144.

"Any ambiguity left unresolved by the strict interpretation of criminal statutes must be resolved in favor of the defendant." *State v. Nastvogel*, 2002 ME 97, ¶ 6, 798 A.2d 1114, 1117. However, there is a limit to this rule of lenity. The First Circuit has held that the rule applies only if "there is a grievous ambiguity or uncertainty about the statute." *United States v. Councilman*, 418 F.3d 67, 83 (1st Cir. 2005) (en banc) (quoting *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998)) (quotation marks omitted). In *Muscarello*, the Supreme Court stated that "[t]he simple existence of some statutory ambiguity...is not sufficient to warrant application of [the rule of lenity], for most statutes are ambiguous to some degree." *Muscarello*, 524 U.S. at 138-39. Thus, the rule of lenity "applies only if, after seizing everything from which aid can be derived, [a court] can make no more than a guess as to what [the Legislature] intended." *Councilman*, 418 F.3d at 83 (quoting *Reno v. Koray*, 515 U.S. 50, 65 (1995)).

Although "control" is not defined in section 2081(1)(B), the court and the parties are not left to guess what the Maine Legislature intended when it promulgated the law. The statute's legislative history recites that its prohibition "is limited to occasions when the person has some duty to control the minor, whether arising from his relationship to the minor or to the premises." L.D. 551, H.P. 454. The term "control" is defined in Black's Law Dictionary as "the power or authority to manage, direct, or oversee," BLACK'S LAW DICTIONARY 143 (2d Pocket Ed. 1996), and in Webster's Dictionary as "authority or ability to regulate, direct, or influence", WEBSTER'S NEW COLLEGE DICTIONARY 246 (2001). Applying these definitions in context, the meaning of "control"

True Copy
Attest: Jolly A. Bezerd
Clerk of Courts

4

in the law is sufficiently clear. It refers to the power or authority that a person has to manage, direct, oversee, regulate or influence a particular minor or a particular place in which a minor is located.

A.    To Whom Does The Law apply?

Defendant also argues that is not clear to whom the law applies – in particular, whether it would apply to an "invitee." However, the court concludes that this is merely a reprise of the first argument. The statute is sufficiently clear that it applies to a person who provides alcohol to a minor under his control and applies to a person who permits a minor to consume alcohol on premises under his control. The question is always whether someone is in control, either of the minor or of the place. The statute does not need to define the relationship a person must have to the minor or to the property other than to require that the person be in "control."

As noted earlier, "control" relates to the authority a person has in a given context. It is a fact-based inquiry. Whether the person has acted unlawfully with respect to liquor consumption by a minor turns on whether the person, either through the person's relationship with the minor or authority over the place, has "the power to manage, direct, oversee, regulate or influence" the particular minor or the particular place. While Defendant may certainly argue that, as an invitee in the Watson home, he lacked the requisite control over the premises or the minors present there, these are questions for the fact-finder at trial.

DECISION

Based upon the foregoing, the court finds the plain language definition of "control" is sufficient to permit an ordinary person to understand the law's prohibition

Clerk of Courts

and concludes that 28-A M.R.S. § 2081(1)(B) is not unconstitutionally vague. Accordingly, the entry is

Defendant's Motion to Dismiss is DENIED.

Dated: January 5, 2009

_____
Justice, Superior Court

A True Copy
Attest: _____
Clerk of Courts

6