RENDERED: MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1077-MR

RAYMOND LEVELLE UNSELD                                    APPELLANT

v.               APPEAL FROM JEFFERSON CIRCUIT COURT
                 HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                 ACTION NO. 19-CR-001696

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Raymond Unseld appeals from the Jefferson Circuit Court's

denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion for

postconviction relief.  We affirm.

In June 2019, Unseld was indicted for one count of robbery in the first

degree and one count of kidnapping.  Eventually, Unseld and the Commonwealth

reached a plea agreement under which Unseld would plead guilty to kidnapping

and robbery in the first degree and serve concurrent terms of twelve years'

imprisonment on each charge. Unseld would not be eligible for parole until he served 85% of that sentence. The trial court sentenced Unseld pursuant to the agreement's terms.

Unseld soon sought RCr 11.42 relief. The gist of Unseld's argument stems from when he was still proceeding in district court, charged only with robbery in the first degree. According to Unseld, his then-counsel, Robert Schaad, was ineffective for urging Unseld to reject a "rocket docket" plea offer, which we shall for convenience's sake refer to simply as "The Offer."[1] Unseld asserted The Offer called for him to plead guilty to the amended charge of robbery in the second degree and a newfound bail jumping charge, with a total sentence of ten years' imprisonment. According to Unseld, he would have been eligible for parole after serving 20% of his sentence. If he had taken the offer, Unseld would have waived his right to be indicted by a grand jury – which is where the kidnapping charge ultimately was added – and instead would have gone straight from district court to circuit court to plead guilty.

The trial court appointed counsel for Unseld and held an evidentiary hearing on his RCr 11.42 motion. At the hearing, Unseld testified that Schaad had

---

[1] Our Supreme Court has tersely described a "rocket docket" as "an expedited prosecution process . . . ." *Pursley v. Commonwealth*, 500 S.W.3d 807, 808 (Ky. 2016). The website for the Jefferson County Commonwealth Attorney's office states that "[t]he Progressive Criminal Justice Plan, or 'Rocket Docket,' consists of prosecutors who work closely with District Court officials to cut through the red tape and bring a prompt and fair resolution for victims of felonies." https://louisvilleprosecutor.com/rocket-docket/ (last visited Feb. 13, 2025).

conveyed The Offer to Unseld while Unseld was in a holding cell awaiting a hearing in district court. Unseld asserted that he adamantly wanted to accept The Offer because he knew he would not get a better one. However, according to Unseld, Schaad pressured him to reject The Offer because Schaad believed that the purportedly forthcoming bail jumping charge would be dismissed. Thus, in Unseld's retelling, Schaad had said that Unseld would then face a maximum of five years' imprisonment for the robbery in the second degree charge.

Unfortunately for Unseld, he was the only witness who provided any personal recollection of him having received a rocket docket offer. Christian Garrison, an assistant county attorney who was present in district court on the date The Offer was allegedly made to Unseld, testified that he had no specific recollection of Unseld's case and was unaware of any rocket docket offer having been made to Unseld. According to Garrison, the standard rocket docket practice was for a formal plea offer to be written and stamped on the district court file, though Garrison admitted sometimes protocols were not followed and offers may sometimes be written on a sticky note attached to the district court file.

Like Garrison, Schaad testified that he had no specific recollection of having received a rocket docket offer for Unseld. However, Schaad did not dispute Unseld's claim that the Commonwealth had made a rocket docket offer to Unseld.

The Commonwealth presented the testimony of William Adams, an assistant Commonwealth Attorney assigned to the rocket docket program. Adams testified that he had no personal knowledge of Unseld's case. Instead, Adams described that a rocket docket plea offer will be written on the district court record, colloquially known as pink sheets. Adams testified that one of his colleagues, Amanda Hernandez, had written what seemed like Unseld's criminal history on the pink sheets. However, according to Adams, there was no indication on the pink sheets that a rocket docket offer had been made to Unseld. Adams admitted it was conceivable that a rocket docket offer would be made orally to a defendant's attorney but agreed with the Commonwealth that a failure to write an offer on the pink sheets would be the "rarest of rare exceptions."

Unseld asked the trial court for permission to conduct another phase of the hearing so he could call Hernandez, who was then on maternity leave, as a witness. The trial court granted Unseld's motion. However, Unseld later withdrew his request to call Hernandez as a witness.

The trial court issued an order denying Unseld's motion in August 2023. The crux of the court's ruling was that Schaad could not have deficiently handled The Offer because there was insufficient evidence that Unseld had ever been given a rocket docket offer. Unseld then filed this appeal.

"We have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant." *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021).

This appeal involves allegations of ineffective assistance of counsel. The familiar standards governing ineffective assistance of counsel claims come from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As our Supreme Court has held:

> Under the *Strickland* framework, an appellant must first show that counsel's performance was deficient. A deficient performance contains errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the appellant must show that counsel's deficient performance prejudiced his defense . . . . An appellant must satisfy both elements of the *Strickland* test in order to merit relief.
>
> When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable. We must analyze counsel's overall performance and the totality of circumstances therein in order to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable. In addition, the trial court's factual findings and determinations of witness credibility are granted deference by the reviewing court. Finally, we apply the de novo standard when reviewing counsel's performance under *Strickland*.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citations omitted).

The Supreme Court has held that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012). Therefore, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it" but "[i]f no plea offer is made . . . the [ineffective assistance of counsel] issue raised here simply does not arise." *Id.* at 566 U.S. 168, 132 S. Ct. at 1387. *See also, e.g.*, *Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018) (holding that "the right at issue is the [constitutional] right to effective assistance of counsel at all critical stages of the criminal process. Of course, if the Government exercises its discretion not to bargain for a guilty plea, no constitutional question is presented.").

This appeal thus completely revolves around the trial court's determination that Unseld was not given a rocket docket plea offer. The United States Court of Appeals for the Sixth Circuit has held that an attorney cannot be deemed ineffective for failing to convey a non-existent plea offer to a defendant. *Guerrero v. United States*, 383 F.3d 409, 419 (6th Cir. 2004). Similarly, we affirm

the trial court's conclusion that Schaad cannot be deemed ineffective for urging Unseld to reject a non-existent plea offer.

Determining whether a plea offer was extended to a criminal defendant presents "a purely factual issue." *Id.* at 417. We review the findings of fact made by a trial court after conducting an RCr 11.42 hearing under the clearly erroneous standard, and findings "are not clearly erroneous if supported by substantial evidence. Even though claims of ineffective assistance of counsel are subject to *de novo* review, a reviewing court should defer to the determination of facts made by the trial judge." *Saylor v. Commonwealth*, 357 S.W.3d 567, 570-71 (Ky. App. 2012) (citations omitted).

Here, we may not disturb the trial court's factual determination that no rocket docket offer was made to Unseld because that finding is amply supported by the record. We recognize that Unseld straightforwardly testified that a rocket docket offer was made to him, and he described the purported offer's terms. However, "[a] trial court is not bound to accept the testimony of any witness as true." *Commonwealth v. Doebler*, 626 S.W.3d 611, 621 (Ky. 2021). "The trial court had a right to resolve the credibility issue against appellant . . . ." *McQueen v. Commonwealth*, 721 S.W.2d 694, 698 (Ky. 1986). Here, though it did not explicitly couch its decision in such terms, it is apparent that the trial court did not accept Unseld's testimony.

No other witness had any memory that Unseld was ever given The Offer, or any other rocket docket offer. Schaad's statement that he now believed he had received such an offer was not based on his own recollection – to the contrary, he testified that he had no independent memory of having received such an offer. Instead, his testimony was premised on his simply accepting Unseld's allegation that he had been given The Offer. Moreover, neither Garrison nor Adams had any personal recollection of a rocket docket offer ever having been made to Unseld, nor was there any indication on the pink sheets of an offer having been made .

As Unseld stresses, each prosecutor admitted it was theoretically possible that a rocket docket offer could be made without it having been written on the pink sheets. However, both Garrison and Adams testified that would have been outside the norm. In fact, Adams agreed that it would be the "rarest of rare" exceptions for a rocket docket offer to not be written on the pink sheets.

Unseld also highlights the fact that he wrote several letters to the presiding circuit court judge lamenting the fact that he had allegedly been pressured by Schaad to turn down The Offer. But those letters directly align only with the testimony Unseld himself offered at the RCr 11.42 hearing since no one else had a personal recollection of Unseld having received a rocket docket offer.

Also, Unseld tellingly declined to call Hernandez as a witness, even though she allegedly would have been the prosecutor who made The Offer. In sum, Unseld's allegations about The Offer are based solely on his own testimony and the trial court was not required to find Unseld to be credible. We cannot disturb that credibility determination. *Doebler*, 626 S.W.3d at 621.

Moreover, the trial court was permitted to draw a reasonable inference from the testimony of Garrison and Adams that no such offer was made because it was not written on the pink sheets. *Commonwealth v. Parker*, 409 S.W.3d 350, 354 (Ky. 2013) (holding that a trial court acting as a finder of fact may draw reasonable inferences from the evidence).

Here, there was evidence sufficient to support a conclusion that Unseld was given a rocket docket offer and that he was not. Because the trial court was in the best position to adjudge credibility, we cannot disturb its conclusion that Unseld was not given a rocket docket plea offer. *Guerrero*, 383 F.3d at 417-18 (affirming trial court's finding no plea offer was made despite defendant's spouse's testimony about the existence of such an offer because the defendant's attorney "did not remember one way or another whether a plea offer had been made" and the prosecutor "did not remember any settlement discussions, and there was no documentation in the file indicating that a plea offer had been made.").

That finding dooms Unseld's RCr 11.42 motion. A court cannot conclude that an attorney ineffectively, deficiently mishandled a non-existent plea offer. Because Unseld has not satisfied the deficient performance prong, we decline to address the seemingly novel issue of what he was required to have shown to satisfy the prejudice prong (or whether he did so).

For the foregoing reasons, the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Martina L. Lytle
Katelyn E. Price
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky

-10-